John J. Raffone v. Commissioner.
Raffone v. Commissioner
Docket No. 89559.
United States Tax Court
T.C. Memo 1961-329; 1961 Tax Ct. Memo LEXIS 20; 20 T.C.M. (CCH) 1698; T.C.M. (RIA) 61329; December 5, 1961
*20 John J. Raffone, pro se, 7503 Blvd. East, North Bergen, N.J., Gerald N. Daffner, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency of $1,801.06 in petitioner's income tax for the taxable year 1959. The issues for our consideration are whether petitioner properly deducted (1) certain away-from-home travel expenses and (2) a loss from the sale of a certain residence. Some of the facts have been stipulated and are so found. Petitioner is an individual residing in North Bergen, New Jersey. His income tax return for the taxable year 1959 was filed with the district director of internal revenue at Newark, New Jersey. [1]
Prior to July 1, 1958, petitioner had been *21 employed by the General Electric Co. in Schenectady, New York, as Senior Associate Editor of the General Electric Review. On July 1, 1958, the General Electric Co. notified petitioner that the General Electric Review would be discontinued on or about December 31, 1958, and that his services would not be needed thereafter. As a result of the discontinuance of the publication, petitioner sought employment in another city, and on January 12, 1959, commenced what he considered to be a permanent employment with Bell Telephone Laboratories, Inc., in New York, New York. At this time his relationship with General Electric Co. had been completely severed. Thereafter in 1959 petitioner resided in the following locations. Dates
Location
January 11 - October 13
Cornish Arms Hotel, New York City
October 14 - December 14
2500 Hudson Boulevard, Jersey City, New Jersey
December 15 - December 31
7212 Boulevard East North Bergen, New Jersey
While employed by the General Electric Co. petitioner had resided in his private home located on Nelson Drive in Schenectady which he had purchased in 1953. His wife, daughter, and mother-in-law also resided there. When petitioner went *22 to the metropolitan New York City area in January 1959, his family remained in the Schenectady home. The personal residence in Schenectady was offered for sale in 1959, and the sale thereof was closed on January 29, 1960. After this sale petitioner's family joined him at his rented home in North Bergen, New Jersey. Petitioner deducted on his 1959 income tax return $3,443.43 for living expenses in New York, Jersey City, and North Bergen and for transportation expenses incurred on week ends visiting his family in Schenectady. He also deducted for the taxable year 1959 a $3,840.25 net loss on the sale of his personal residence in Schenectady. Respondent disallowed both deductions. Petitioner seeks relief from what he alleges is a dichotomy in respondent's disallowance of the two deductions. He claims that if Schenectady is his home so that the residence there was a personal residence, then he was "away from home" while working in New York City. Conversely, he contends that if his "home" was the metropolitan New York City area, then the Schenectady house was not his personal residence. In short, he contends that either New York or Schenectady, but not both, is his home for tax purposes. *23 He concludes that disallowing the challenged deductions results in double taxation. Petitioner considered his employment in New York City as permanent, and it appears to be so as he apparently is still employed there. Therefore, he cannot be said to be away from Schenectady (were it his tax home) for a temporary or indefinite period. . It is clear that a worker regularly engaging in his trade or occupation in one location and maintaining a family residence at a distant location cannot deduct from gross income his expenses for meals and lodging at his principal place of business. . In 1959 petitioner's tax "home" was in New York City, the place of his principal employment. . Therefore the living expenses were not incurred away from home. The transportation expenses to and from Schenetady on week ends to visit his family were personal expenses. . We feel that the Flowers case compels denial of the travel expenditures involved herein, and would so state summarily were petitioner *24 represented by counsel. There was no business reason for the trips to Schenectady, nor is there any doubt that New York was petitioner's tax home. The deduction for travel and living expenses is denied. Since petitioner has stipulated that the residence in Schenectady was sold in 1960, we are unable to comprehend why he feels a loss deduction was proper in 1959. In addition, he admitted under oath that this house was used as a personal residence in 1959, although attempting to justify his deduction by saying that when he had purchased it he did so with the intention of eventually selling it at a profit. We sustain respondent on this issue. Since petitioner's return as filed revealed an overpayment, Decision will be entered under Rule 50. Footnotes
1. So stipulated. We note, without comment, that petitioner and his wife Traute had filed a joint return for this year and that the statutory deficiency notice was addressed to them jointly, but petitioner's petition was filed in his own sole name and from that point forward both petitioner and respondent have conducted this case as though an individual return had been filed and an individual statutory notice issued.↩